## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREA R. GREEN-EDWARDS,         )
                                     )
         **Plaintiff,**         )
                                     )
vs.                           )     CIVIL NO. 08-476-GPM
                                     )
CAHOKIA UNIT SCHOOL DISTRICT )
#187,                           )
                                     )
         **Defendant.**      )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Andrea R. Green-Edwards filed this action against her former employer, Defendant Cahokia Unit School District #187. District #187 filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which was argued November 3, 2008. As explained during the hearing, Plaintiff has various claims of employment discrimination: race and gender discrimination under Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e et seq.; age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 633; disability discrimination under the Americans with Disability Act of 1990 (ADA), 42 U.S.C. § 12112; and retaliatory discharge. Defendant's motion is granted in part and denied in part, and Plaintiff is ordered to file an amended complaint.

Most of Defendant's arguments are better suited for a motion for summary judgment under Federal Rule of Civil Procedure 56 rather than Rule 12(b)(6). "The primary purpose of summary judgment is to dispose of claims that have no factual support, and therefore, the nonmovant must respond with affidavits or otherwise, 'setting forth the specific facts showing that there is a genuine issue for trial.'" *Vukadinovich v. Board of Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir.

2002), *quoting Albiero v. City of Kankakee*, 246 F.3d 927, 928 (7th Cir. 2001). Defendant's arguments go to the merits of Plaintiff's claims rather than to the minimal requirements of notice pleading.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true, and construes facts, as well as all reasonable inferences arising from the complaint, in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). The complaint must pass two "easy-to-clear" hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

As explained during the hearing, Plaintiff's ADEA claim must be dismissed. As a matter of law, a 36-year-old woman is not entitled to relief under the ADEA. *See General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 591-92 (2004) ("the 40-year threshold makes sense as identifying a class requiring protection against preference for their juniors, not as defining a class that might be threatened by favoritism toward seniors"). With respect to her other claims, Plaintiff's allegations are sufficient to survive a motion to dismiss. However, her complaint must be amended to simply and clearly plead her claims in accordance with the federal rules.

For these reasons, the motion to dismiss (Doc. 14) is **GRANTED in part and DENIED in part**. Plaintiff is **ORDERED** to file an amended complaint on or before November 24, 2008.

    **IT IS SO ORDERED.**

    DATED: 11/19/08

                                    s/ *G. Patrick Murphy*
                                    G. PATRICK MURPHY
                                    United States District Judge