IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA R. GREEN-EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-476-GPM |
| | ) |
| CAHOKIA UNIT SCHOOL DISTRICT 187, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on Defendant Cahokia Unit School District 187's (the School District's) motion for summary judgment and supporting memorandum filed on April 27, 2009 (Docs. 48, 49). Under the Federal Rules of Civil Procedure, the non-moving party (here, Green-Edwards) is entitled to a reasonable opportunity to respond. FED. R. CIV. P. 56. "[A]ll pro se litigants … are entitled to notice of the consequences of failing to respond to a summary judgment motion." *Timms v. Frank*, 953 F.2d 281, 284 (7th Cir. 1992). "[T]his notice should include both the text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." *Id.* (citation omitted). When the moving party fails to include this notice with its summary judgment motion, it is the responsibility of the district court to give notice to the non-moving party. *Id.* (citation omitted).

Counsel for Green-Edwards was granted leave to withdraw, and Green-Edwards now is

proceeding pro se; accordingly, the Court must provide Green-Edwards with the required notice. Therefore, the Court **DIRECTS** Green-Edwards to follow Federal Rule of Civil Procedure 56(e) in responding to the motion for summary judgment. Rule 56(e) governs affidavits and further testimony and provides:

> **(1) *In General.*** A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> **(2) *Opposing Party's Obligation to Respond.*** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED. R. CIV. P. 56(e)(1) - (2).

The Court **ADVISES** Green-Edwards that the failure to respond to the evidence presented in support of the School District's motion for summary judgment with evidence of her own may result in a judgment for the School District and against Green-Edwards. Specifically, any factual assertion will be taken as true by the Court unless Green-Edwards submits her own affidavits or other documentary evidence contradicting the assertion. Simply put, Green-Edwards cannot merely rely upon the allegations in her amended complaint (Doc. 43) to survive the motion for summary judgment. *See Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996). Therefore, the Court **ALLOWS** Green-Edwards up to and including **June 18, 2009**, to respond to the School District's summary

judgment motion or risk judgment being entered in favor of the School District and against Green-Edwards.

**IT IS SO ORDERED.**

DATED:  05/20/09

s/ *G. Patrick Murphy*  
G. PATRICK MURPHY  
United States District Judge